# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHNNY SMITH**<br>REG. # 33172-034 | : | **DOCKET NO. 17-cv-1138**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **CLAYTON JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Johnny Smith. Smith is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

### I.
#### BACKGROUND

Smith brings this petition seeking expungement of a prison disciplinary proceeding arising from an incident report issued on November 14, 2016. Doc. 1; *see* doc. 1, att. 2, p. 6. According to the incident report, an FCIO officer monitoring recorded inmate calls listened to a conversation Smith placed on November 12, 2016, to a female recipient. Doc. 1, att. 2, p. 6. The incident description continued:

> [A]t approximately 1.5 minutes into the call, [Smith] was connected with a third party on speaker phone named "Homer." Inmate Smith and Homer have general conversation for approximately 8 minutes, then Homer hangs up and inmate Smith resumes conversation with the initial female call recipient completing the 15 minute call. During the conversation with Homer, information provided by the two parties reveals that Homer is an inmate at another institution.

*Id.* Smith was charged with violating Prohibited Act Code 297, "Use of telephone for abuses other than criminal activity which circumvent monitoring; third party/conference calling," and the Unit Disciplinary Committee referred the charge to the Disciplinary Hearing Officer ("DHO") for a hearing. *Id.* The DHO found that Smith committed the charged offense. *See id.* at 1. Smith states that as a result, he was sentenced to the loss of twenty-seven days of good time credits. Doc. 1, p. 1. He now brings the instant habeas petition, alleging that the DHO proceedings did not comply with the due process standards set out in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974). Docs. 1, 4. Accordingly, he seeks restoration of his good time credits, expungement of the charge, "and, if possible, a sincere letter of apology" from certain individuals. Doc. 7; doc. 4, p. 8.

## II.
### LAW & ANALYSIS

#### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

## B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good-time credit. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013). Thus, because a loss of good-time credits is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

Smith maintains that his right to due process was violated when the DHO refused him access to evidence used against him, namely a copy of an email in which Smith allegedly admitted his guilt. Doc. 4, pp. 7, 10–11. He also contends that the rules under which he was convicted are ambiguous. *Id.* at 7, 12–14. However, he fails to provide a copy of the DHO report. We require

this report to determine, in conjunction with Smith's allegations, if minimum procedural safeguards were met or if there is any merit to his claims.

### III.
#### CONCLUSION

For the reasons stated above, Smith must amend his complaint by providing a copy of the report from the challenged DHO proceedings.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Smith at his last address on file.

**IT IS ORDERED** that Smith amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 4 of the Rules Governing § 2254 Cases, or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Smith is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE