UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHNNY SMITH** | : | **DOCKET NO. 17-cv-1138** |
| REG. # 33172034 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **CLAYTON JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Johnny Smith. Smith is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

### I.
#### BACKGROUND

The factual basis for Smith's claims is provided in our preceding Memorandum Order. Doc. 15. Upon review of Smith's petition, we concluded that we could not determine the merits of his claims without reviewing the Disciplinary Hearing Officer's (DHO) report from the

disciplinary proceeding he challenges. Accordingly, we ordered Smith to provide a copy of that report and he has complied. *Id.*; doc. 16.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Application*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good-time credit. *See,*

*e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013). Thus, because a loss of good-time credits is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

Smith maintains that his right to due process was violated when the DHO refused him access to evidence used against him, namely a copy of an email in which Smith allegedly admitted his guilt. Doc. 4, pp. 7, 10–11. He also contends that the rules under which he was convicted are ambiguous. *Id.* at 7, 12–14.

The DHO report and incident report offer provide the charge against Smith (Offense Code 297 – "Phone Abuse, Circumventing Telephone Monitoring Procedures") and describe how Smith was connected by speaker phone with a third party, who appeared to be an inmate at another institution, after dialing a female caller from the prison. *See* doc. 16 (DHO report); doc. 1, att. 2, p. 6 (incident report). There is no ambiguity to the allegations against Smith and how these resulted in a violation of prison rules. Accordingly, Smith cannot show that prison authorities violated *Wolff*'s requirement of adequate notice.

As for Smith's allegation about being denied access to evidence, it appears that this claim is sufficiently pleaded to survive the court's initial review. Accordingly, by separate order we will authorize service of the petition and direct that the government respond to that claim only.

### III.
#### CONCLUSION

For the reasons stated above, Smith's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the claim relating to notice of the charges be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The remaining claim should be allowed to proceed.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 17th day of January, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE