UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHNNY SMITH** | : | **CIVIL ACTION NO. 2:17-cv-1138** |
| B.O.P. #33172034 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **CLAYTON JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus [docs. 1, 4, 7] filed pursuant to 28 U.S.C. § 2241 by Johnny Smith, who is proceeding *pro se* in this matter. Smith is an inmate in the custody of the federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). The government filed a response in opposition [doc. 27], and Smith has filed a reply [doc. 29].[1]

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.
**BACKGROUND**

Smith brings this petition seeking expungement of a prison disciplinary proceeding arising from an incident report issued on November 14, 2016. Docs. 1, 4; *see* doc. 4, att. 1, p. 6. According to the incident report, an FCIO officer monitoring recorded inmate calls listened to a conversation

---

[1] The petitioner has also filed a motion for summary judgment, which the government opposes and which we handle by separate report and recommendation. *See* docs. 25, 28.

that Smith placed on November 12, 2016, to a female recipient, identified later as his wife. Doc. 4, att. 1, p. 6; *see* doc. 16, p. 3. The incident report description continued:

> [A]t approximately 1.5 minutes into the call, [Smith] was connected with a third party on speaker phone named "Homer." Inmate Smith and Homer have general conversation for approximately 8 minutes, then Homer hangs up and inmate Smith resumes conversation with the initial female call recipient completing the 15 minute call. During the conversation with Homer, information provided by the two parties reveals that Homer is an inmate at another institution.

Doc. 4, att. 1, p. 6. Smith was charged with violating Prohibited Act Code 297, "Use of telephone for abuses other than criminal activity which circumvent monitoring; third party/conference calling," and the Unit Disciplinary Committee referred the charge to the Disciplinary Hearing Officer ("DHO") for a hearing. *Id.* The DHO found that Smith committed the charged offense. Doc. 16. In arriving at this finding, the DHO relied in part on a "Trulincs message from inmate Smith sent from inmate Smith to Molly Smith stating he appreciate[d] her letting him speak with Homer yesterday, dated 11/13/16."[2] *Id.* at 2, 3. As a result of the DHO's finding, Smith received a 90 day loss of phone privileges and a 27 day disallowance of good conduct time. *Id.* at 3.

After exhausting his claims through the BOP, Smith brought this petition to challenge the loss of good conduct time. *See* docs. 1, 4; *see also* doc. 4, att. 1 (proof of exhaustion). Specifically, he alleges that the DHO proceedings did not comply with the minimal due process requirements set out in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), because he was denied access to the Trulincs message used as evidence against him and because the rule under which he was charged was ambiguous. Doc. 4, pp. 6–7, 10–14. After conducting an initial review of the complaint, we recommended that the claim relating to notice of the charges/ambiguity of the rule be dismissed

---

[2] The Trust Fund Limited Inmate Computer System ("Trulincs") is a program used by the BOP to allow inmates with limited computer access, including the ability to send and receive electronic messages, without having access to the Internet. *Hammonds v. Fed. Bureau of Prisons*, 2012 WL 759886 at *1 n. 1 (N.D. Tex. Mar. 7, 2012); *see* BOP Program Statement § 4500.11 (regulations impacting trust fund systems, including Trulincs).

and the district court adopted that recommendation. Docs. 17, 24. The claim relating to access to evidence, on the other hand, survived initial review and is the subject of the government's response.

## II.
## LAW & ANALYSIS

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished). Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

Smith alleges that his proceeding fell short of these requirements because he was not given access to the Trulincs message on which the DHO relied in his written findings. The government

maintains, however, that there is no such requirement under *Wolff* and its progeny, and cites several cases in which courts have held that an inmate has no right to review inculpatory information **prior** to the hearing. Doc. 27, att. 1, p. 7. From his petition, it appears that Smith is also complaining of denial of access to this evidence **during** the hearing, as impeding on his right to present evidence through confrontation and cross-examination of adverse witnesses. Doc. 4, p. 11; doc. 29, pp. 1–2. However, the Supreme Court specifically held in *Wolff* that the right to confront and cross-examine is not universally applicable to all hearings and that the Constitution does not impose this requirement on prison disciplinary proceedings.[3] 94 S.Ct. at 2980–81; *see also Meza v. Livingston*, 2010 WL 6511727, at *9–*10 (5th Cir. Oct. 19, 2010) (unpublished) (distinguishing due process rights of parolees, who are entitled to confront and cross-examine state's witnesses, from those of inmates under *Wolff*). Smith does not show how withholding of the inculpatory email prevented him from calling any witnesses or presenting any evidence, and the government's record indicates that the DHO proceedings complied with all of the due process requirements set forth in *Wolff* and *Hill*, supra. Accordingly, Smith cannot show a right to habeas relief and his petition should be denied.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

---

[3] In *McMahon v. Tamez*, 409 Fed. App'x 752, 753 (5th Cir. 2011), an unpublished decision, the Fifth Circuit held that the fact that a prisoner was unaware of inculpatory evidence relied on by the DHO until after the conclusion of the proceedings did not show a due process violation under *Wolff*.

file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE