UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHNNY SMITH** | : | **CIVIL ACTION NO. 2:17-cv-1138** |
| B.O.P. #33172-034 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **CLAYTON JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 25] filed by petitioner Johnny Smith, relating to his *pro se* petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The government opposes the motion.[1] Doc. 28.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the Motion for Summary Judgment be **DENIED**.

### I.
#### BACKGROUND

The relevant procedural background and summary of Smith's claims is provided in our accompanying report and recommendation, infra note 1. On March 19, 2018, Smith moved for summary judgment, alleging that the government failed to file a timely response to his petition and

---

[1] The government has also filed a response in opposition to the petition for writ of habeas corpus. By previous report and recommendation, we dismissed the petitioner's first claim on initial review. Doc. 17; *see* doc. 24 (judgment of the district court, adopting the report and recommendation). The petition was served as to the remaining claim, which is the subject of the government's response. Docs. 18, 27. In a report and recommendation accompanying this one, we recommend that the petition be denied and dismissed with prejudice.

that he was entitled to judgment as a matter of law on his claims. Doc. 25. The government opposes the motion, noting that its response [doc. 27] to Smith's habeas petition was timely under the acknowledgments of service filed in the record. Doc. 28, att. 1; *see* docs. 21–23. It also maintains that, for the reasons stated in that response, Smith is not entitled to summary judgment and that his petition should instead be denied and dismissed with prejudice. Doc. 28, att. 1.

## II.
## LAW & ANALYSIS

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

In this matter, Smith's assertion that the government failed to file a timely response to his petition is incorrect. Furthermore, even if that had been the case, the government's failure to respond would not entitle Smith to judgment as a matter of law. *See Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir. 1985) (citing *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) (holding that default judgment is not an appropriate remedy for state's failure to answer a habeas petition); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the prisoner to default judgment.") Moreover, as we concluded in our preceding report and recommendation [doc. 17, adopted by the district court at doc. 24] and in the accompanying one issued today, Smith's petition should be denied and dismissed with prejudice because he cannot show a right to relief under 28 U.S.C. § 2241. Accordingly, his motion for summary judgment should also be denied.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant Motion for Summary Judgment [doc. 25] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE